UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
-----------------------------------------------------------------

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, | : **COMPLAINT** : |
| Plaintiff, v. | : Civil Action No. : 17-cv- |
| NS&GS, LLC, d/b/a Third & Landis Riggins Vineland; SEHJOG LLC, d/b/a Millville Gulf; S. HARI SINGH MGT INC. d/b/a Burlington Gulf; WOODLANE AMOCO INC. d/b/a Woodlane Gulf; STATION MGT. INC. d/b/a Tom's Pennsauken Point Gulf and GURMEET SINGH, Individually and as Officer, Defendants. | : : : : |

-----------------------------------------------------------------

## INTRODUCTION

1.  Plaintiff, R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor (the "Secretary"), by and through undersigned counsel, brings this action under Section 16(c) and Section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) ("the Act" or "the FLSA"), alleging that Defendants violated Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Act to recover back wages, liquidated damages, and to enjoin acts and practices which violate the provisions of the FLSA, and to obtain other appropriate relief.

2.  As set forth below, Defendants have denied their employees proper minimum wage and overtime wages. Defendants' employees have routinely worked in excess of 40 hours per week as gas station attendants and gas station convenience store clerks, and, in some instances, more than 90 hours in a single workweek. Defendants have paid their employees a flat monthly rate without paying them any overtime premiums. In some cases, the monthly rate

1

resulted in an hourly wage of less than the applicable minimum wage. Moreover, Defendants have failed to keep any records required by the Act, including records of wages paid and/or hours worked.

## JURISDICTION AND VENUE

3. Jurisdiction over this action is properly conferred upon this Court by Section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

4. Venue is proper in the United States District Court for the District of New Jersey because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## FACTUAL ALLEGATIONS

### The Parties

5. Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor, is vested with authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages and is the proper plaintiff for this action.

6. Defendant NS&GS LLC d/b/a Third & Landis Riggins Vineland is a limited liability company organized under the laws of the State of New Jersey, having its registered office at 131 S Main Street, P.O. Box 928, Hightstown, NJ 08520.

7. Defendant NS&GS LLC owns and operates at least one gas station located at 301 W. Landis Avenue, Vineland, New Jersey 08360, within the jurisdiction of the court.

8. NS&GS LLC has regulated the employment of all persons employed by it, acted directly and indirectly in the company's interest in relation to the employees, and thus is an employer of the employees within the meaning of Section 3(d) of the Act.

9. Defendant S. HARI SINGH MGT INC. d/b/a Burlington Gulf is a company organized under the laws of the State of New Jersey, having its registered office at 72 Dover Road, Westampton, New Jersey 08060.

10. S. Hari Singh Mgt. Inc. owns and operates at least one gas station located at 629 High Street, Burlington, New Jersey 08016, within the jurisdiction of this court

11. S. Hari Singh Mgt. Inc. has regulated the employment of all persons employed by it, acted directly and indirectly in the company's interest in relation to the employees, and thus is an employer of the employees within the meaning of Section 3(d) of the Act.

12. Defendant WOODLANE AMOCO INC. d/b/a Woodlane Gulf is a corporation organized under the laws of the State of New Jersey, having its registered office at 72 Dover Road, Westampton, New Jersey 08060, within the jurisdiction of this court.

13. Woodlane Amoco Inc. operates at least one gas station located at 1866 Route 541, Westampton, New Jersey 08060, within the jurisdiction of this court.

14. Woodlane Amoco Inc. has regulated the employment of all persons employed by it, acted directly and indirectly in the company's interest in relation to the employees, and thus is an employer of the employees within the meaning of Section 3(d) of the Act.

15. Defendant SEHJOG LLC d/b/a Millville Gulf is a limited liability company organized under the laws of the State of New Jersey, having its registered office and its main business address at 72 Dover Road, Westampton, New Jersey 08060.

16. SEHJOG LLC owns and operates at least one gas station located at 812 N.2nd Street, Millville, New Jersey 08332, within the jurisdiction of this court.

17. SEHJOG LLC has regulated the employment of all persons employed by it, acted directly and indirectly in the company's interest in relation to the employees, and thus is an employer of the employees within the meaning of Section 3(d) of the Act.

18. Defendant STATION MGT INC. d/b/a Tom's Pennsauken Point Gulf is a corporation organized under the laws of the State of New Jersey, having its registered office and its main business address at 72 Dover Road, Westampton, New Jersey 08060.

19. Station MGT Inc. operates at least one gas station located at 7431 US-130, Pennsauken, New Jersey 08110, within the jurisdiction of this court.

20. Station MGT Inc. has regulated the employment of all persons employed by it, acted directly and indirectly in the company's interest in relation to the employees, and thus is an employer of the employees within the meaning of Section 3(d) of the Act.

21. Defendants SEHJOG, LLC, Woodlane Amoco Inc., S. Hari MGT. Inc., and Station MGT. Inc. do business selling gasoline under the "Gulf" tradename.

22. Defendant GURMEET SINGH has an ownership interest in defendants NS & GS LLC, S. Hari Singh MGT. Inc., Woodlane Amoco Inc., SEHJOG LLC, and Station MGT Inc. and is the President of Woodlane Amoco Inc., S. Hari Singh MGT. Inc., and Station MGT Inc.

23. Defendant GURMEET SINGH is in active control and management of the corporate defendants. Upon information and belief, defendant GURMEET SINGH has authority to and does hire, fire, set the hours and compensation of employees, and otherwise has acted directly and indirectly in the interest of the corporate defendants in relation to employees during the relevant time period.

24. Defendant GURMEET SINGH is an employer of the employees within the meaning of Section 3(d) of the Act. Defendant Gurmeet Singh resides in New Jersey.

**Defendants Are an Enterprise Engaged in Commerce**

25. The business activities of Defendants, as described herein, are related and performed through common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

26. During the relevant period since at least September 1, 2014, the corporate defendants have been operated under unified control by the individual defendant for a common business purpose of operating gas stations and convenience stores open to the public.

27. Several of the employees employed at Defendant NS & GS LLC also worked for SEHJOG LLC. As described herein, Defendants have employed the same employment practices at each of the gas stations through common control.

28. Defendants have employed and are employing employees listed in Exhibit A in workweeks at their place of business engaged in commerce.

29. Defendants have employed and are employing employees at their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. These goods include but are not limited to gas and items for sale at convenience stores such as food and beverages. During the relevant period, the enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

## Tolling Agreement

30.     On or about October 3, 2016, Defendants and the Secretary knowingly and voluntarily entered into a Statute of Limitations Tolling Agreement ("tolling agreement").

31.     The tolling agreement tolls the applicable statute of limitations beginning on September 30, 2016 through the date the tolling agreement is terminated.

32.     The Secretary terminated the tolling agreement effective July 24, 2017.

33.     Accordingly, the statute of limitations shall be tolled from September 30, 2016 through July 24, 2017.

## Defendants' Pay Practices

34.     During the relevant time period from September 1, 2014 through approximately August 2016 and possibly the present ("the relevant time period"), defendants have employed employees as gas station attendants and convenience store clerks.

35.     Defendants' pay practices violated the Act in several ways.

36.     During the relevant time period, most of defendants' employees regularly worked more than 40 hours per week.

37.     During the relevant time period, most of defendants' employees regularly worked more than 60 hours per week.

38.     During the relevant time period, many of defendants' employees regularly worked between 80 and 100 hours per week.

39.     During the relevant time period, at least one employee worked more than 100 hours each per week.

40.     For example, the Millville Gulf station operates seven days a week, twenty-four hours a day. Typically, at least three gas station attendants work at this station, two during the

day, from 8:00AM to 8:00PM, and one at night, from 8:00PM to 8:00AM. Likewise, two clerks typically worked in the store, one during the day shift and one during the night shift. During the relevant period, the gas station attendants and convenience store clerks at the Millville Gulf station each worked seven days a week in twelve-hour shifts, or for approximately 84 hours each workweek.

41.	For another example, the Third & Landis Riggins Vineyard gas station is open seven days a week from 6:00AM to 10:00PM. Similarly, the convenience store at this station is open seven days a week, from at least 8:00AM to 10:00PM. During the relevant period, there was at least one gas station attendant at this station who typically worked a twelve hour shift, seven days a week, or approximately 84 hours each work week. Typically, one store clerk worked at this station from at least 8:00AM to 10:00PM, seven days a week, or approximately 98 hours each workweek.

42.	During the relevant period, defendants paid all of their employees a flat monthly wage without regard to the number of overtime hours they worked.

43.	For instance, defendants paid most of their employees a flat monthly wage of between $2,000.00 and $2,600.00 on average. For many weeks, this worked out to less than $7.00/hour for some employees.

44.	During the relevant time period, as a result of paying fixed monthly salary for all hours worked during a month, defendants failed to pay their employees at one and a half times their regular rate of pay when they worked in excess of forty hours per week during the relevant time period as prescribed by section 7 of the FLSA.

45. During the relevant time period, defendants Gurmeet Singh and NS&GS, LLC failed to pay the minimum wage to most employees who worked at the Third & Landis Riggins Vineland station as prescribed by section 6 of the FLSA.

46. During the relevant time period, defendants Gurmeet Singh and SEHJOG, LLC failed to pay the minimum wage to most employees who worked at the Millville Gulf station as prescribed by section 6 of the FLSA.

### Defendants' Unlawful Recordkeeping Policies and Practices

47. Defendants failed to make, keep, and preserve required records.

48. During the relevant period, Defendants did not make, keep, and preserve any records of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

49. More specifically, Defendants failed to keep any records of, *inter alia*, convenience store clerks' or gas station attendants' daily and weekly hours of work, or their regular or overtime rates of pay.

### FIRST CAUSE OF ACTION
### Violation of Sections 6(a) and 15(a)(2) of the FLSA, Failure to Pay Minimum Wage

50. The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 49 of the complaint.

51. By failing to ensure that station attendants and clerks receive the applicable minimum wage, Defendants NS&GS, LLC, SEHJOG LLC, and Gurmeet Singh have violated the provisions of sections 6 and 15(a)(2) of the Act. Through their unlawful practices, Defendants NS&GS, LLC, SEHJOG LLC and Gurmeet Singh paid many of their station attendants and clerks employed in an enterprise engaged in commerce or in the production of goods for

commerce at rates less than the applicable statutory minimum wage prescribed in section 6 of the Act.

52. Accordingly, Defendants NS&GS LLC, SEHJOG LLC and Gurmeet Singh are liable for any unpaid minimum wages and an equal amount in liquidated damages under section 16(c) of the Act or, in the event liquidated damages are not awarded, unpaid minimum wages and prejudgment interest on said unpaid minimum wages under section 17 of the Act.

## SECOND CAUSE OF ACTION
### Violation of Sections 7(a) and 15(a)(2) of the FLSA, Failure to Pay Overtime

53. The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 52 of the complaint.

54. Defendants NS&GS LLC, SEHJOG LLC, Woodlane Amoco, Inc., S. Hari Singh MGT Inc., Station MGT Inc. and Gurmeet Singh in many workweeks have violated the provisions of sections 7 and 15(a)(2) of the Act by employing their station attendants and clerks in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than those prescribed in section 7 of the Act without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed.

55. Therefore, Defendants NS&GS LLC, SEHJOG LLC, Woodlane Amoco, Inc., S. Hari Singh MGT, Inc., Station MGT Inc. and Gurmeet Singh are liable for unpaid overtime compensation and an equal amount in liquidated damages under section 16(c) of the Act or, in the event liquidated damages are not awarded, unpaid overtime compensation and prejudgment interest on said unpaid overtime compensation under section 17 of the Act.

## THIRD CAUSE OF ACTION
**Violation of Sections 11(c) and 15(a)(5) of the FLSA**

56. The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 55 of the complaint.

57. Defendants NS&GS LLC, SEHJOG LLC, Woodlane Amoco, Inc., S. Hari Singh MGT Inc., Station MGT Inc. and Gurmeet Singh have violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that these Defendants failed to make, keep, and preserve records of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the Regulations issued and found at 29 C.F.R. Part 516. Specifically, Defendants failed to keep any records of, *inter alia*, their station attendant and clerks' actual daily and weekly hours of work, and regular and overtime rates of pay.

**WHEREFORE**, cause having been shown, Plaintiff respectfully prays for judgment against Defendants providing the following relief:

1. An injunction issued pursuant to Section 17 of the Act permanently restraining Defendants, their officers, agents, servants, employees, and those persons in active concern or participation with Defendants, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Act;

2. An order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation found due Defendants' employees listed on the attached Exhibit A and an equal amount of liquidated damages (additional back wage compensation and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this complaint); or

3. In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those

persons in active concert or participation with Defendants, from withholding the amount of unpaid overtime and minimum wage compensation found due Defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

4. An order compelling Defendants to reimburse the Secretary for the costs of this action; and

5. An order granting such other relief as the Court may deem necessary or appropriate.

DATED:   July 24, 2017
         New York, New York

                                          s/ Nicholas C. Geale
                                          NICHOLAS C. GEALE
                                          Acting Solicitor of Labor

                                          s/ Jeffrey S. Rogoff
                                          JEFFREY S. ROGOFF
                                          Regional Solicitor

                                          s/ Allison L. Bowles
                                          ALLISON L. BOWLES
                                          Senior Trial Attorney

                                          U.S. Department of Labor,
                                          *Attorneys for Plaintiff Secretary of Labor*

                                          U.S. Department of Labor
                                          Office of the Regional Solicitor
                                          201 Varick Street, Room 983
                                          New York, NY 10014
                                          (646) 264-3658
                                          (646) 264-3660 (fax)
                                          bowles.allison@dol.gov
                                          NY-SOL-ECF@dol.gov
                                          Secretary of Labor, Plaintiff

# EXHIBIT A

|     | LAST NAME | FIRST NAME |
| --- | --- | --- |
| 1.  | Anand | Ashish |
| 2.  | Bahl | Ramneek |
| 3.  | Bist | Murund B. |
| 4.  | Cheetri | Deelip |
| 5.  | Chopra | Azad |
| 6.  | Khan | Salem |
| 7.  | Kaur | Jatinder |
| 8.  | Kumar | Vipan |
| 9.  | Rim | Gurung |
| 10. | Sherpa | Ang K. |
| 11. | Singh | Amandeep |
| 12. | Singh | Amrik |
| 13. | Singh | Balbir |
| 14. | Singh | Gangadeep |
| 15. | Singh | Gurdeep |
| 16. | Singh | Hardeep |
| 17. | Singh | Harmandpreet |
| 18. | Singh | Narindarpal |
| 19. | Singh | Palwinder |
| 20. | Singh | Pavittar |
| 21. | Singh | Rajveer |
| 22. | Singh | Ranjit |
| 23. | Singh | Sankar |
| 24. | Singh | Sukhja (aka Sukna) |
| 25. | Singh | Sukhwinder |
| 26. | Singh | Sukhwinder Johal |
| 27. | Singh | Surjit |
| 28. | Singh | Swaran |
| 29. | Sodi | Rukman |
| 30. | Tiwary | Jiten S. |