UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY
\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, | : <br> : Civil Action No. <br> : 1:17-cv-05384 (RMB/JS) |
| Plaintiff, | : |
| v. | : |
| | : |
| NS & GS, LLC, d/b/a Third & Landis Riggins Vineland; SEHJOG LLC, d/b/a Millville Gulf; S. HARI SINGH MGT INC. d/b/a Burlington Gulf; WOODLANE AMOCO INC. d/b/a Woodlane Gulf; STATION MGT. INC. d/b/a Tom's Pennsauken Point Gulf and GURMEET SINGH, Individually and as Officer, | : <br> : <br> : <br> : <br> : |
| Defendants. | : |

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-

## **CONSENT JUDGMENT**

Plaintiff, R. ALEXANDER ACOSTA, the Secretary of Labor ("Plaintiff"), has filed his Complaint and defendants NS & GS, LLC, d/b/a Third & Landis Riggins Vineland; SEHJOG LLC, d/b/a Millville Gulf; S. HARI SINGH MGT INC. d/b/a Burlington Gulf; WOODLANE AMOCO INC. d/b/a Woodlane Gulf; STATION MGT. INC. d/b/a Tom's Pennsauken Point Gulf and GURMEET SINGH, Individually and as Officer (corporate defendants and individual defendant together, "Defendants") appeared by Counsel and filed their Answer.

The corporate defendants acknowledge and admit that they violated certain provisions of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. Section 201 et seq.) (the "Act" or the "FLSA"). Specifically, the corporate defendants acknowledge and admit that their employees routinely worked in excess of 40 hours per week as gas station attendants and gas station convenience store clerks. The corporate defendants further acknowledge and admit that:

(1) at least between October 1, 2014 and August 31, 2016, they violated the provisions of Sections 6, 7 and 15(a)(2) of the Act by paying their employees flat monthly salaries without regard to hours worked, which at times resulted in payment of less than the applicable minimum wage of $7.25 per hour for each hour worked; and

(2) at least between October 1, 2014 and August 31, 2016, they did not make, keep and preserve records of all wages, hours, and other conditions and practices of employment maintained by them as required by Sections 11(c) and 15(a)(5) of the Act, and as prescribed by the regulations found in 29 C.F.R. Part 516 that are issued, and from time to time amended, pursuant to Section 11(c) of the Act.

Defendant Gurmeet Singh neither admits nor denies Plaintiff's allegations.

Defendants acknowledge that they have notice of, and understand, the provisions of this Consent Judgment, acknowledge their responsibilities pursuant to this Consent Judgment, and acknowledge that they may be subject to sanctions in contempt of this Court and may be subject to punitive damages if they fail to comply with the provisions of this Consent Judgment. This Consent Judgment hereby resolves all remaining claims in this matter.

It is, therefore, upon motion letter of the attorneys for Plaintiff and for cause shown ORDERED that:

I. Defendants, their officers, employees, agents, and all persons acting or claiming to act on and in Defendants' behalf and interest, be, and hereby are, permanently enjoined and restrained from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Act, in any of the following manners:

(1) Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for

commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which may in the future become, applicable under Section 6 of the Act.

(2) Defendants shall not, contrary to Section 7 of the Act, employ any of their employees in any workweek for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the employees receive compensation for their employment in excess of the prescribed hours at rates not less than one and one-half times the employees' regular rates.

(3) Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the Regulations issued pursuant to Sections 11(c) and 15(a)(5) of the Act and found at 29 C.F.R. Part 516.

(4) Defendants shall not discharge or take any retaliatory action against any employee because the employee engages in, or is believed to have engaged in, any of the following activities:

    (a) Discloses, protests, or threatens to disclose or protest to a supervisor or to a public agency any activity, policy, or practice of Defendants, or another employer with whom there is a business relationship, that the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act;

    (b) Provides information to, or testifies before, any public agency or entity

        conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or regulation promulgated pursuant to the Act, by Defendants or another employer with whom there is a business relationship; or

(c)    Objects to, or refuses to participate in any activity, policy or practice of Defendants or another employer with whom there is a business relationship that the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act.

(5)    Defendants, along with their officers, agents, and managers, shall not tell any of their employees not to speak to representatives of the U.S. Department of Labor, or tell any of their employees to provide untruthful information to the U.S. Department of Labor regarding the terms or conditions of their employment, or otherwise obstruct or interfere with any investigative activities of the U.S. Department of Labor.

II.    Further, ~~the Court finding~~ *the parties agree* that unpaid minimum wage and overtime back wages are owed and shall be paid to the current and former employees listed in Exhibit A, which is attached hereto, in the amount of **$325,000.00**, plus an equal additional amount of liquidated damages of **$325,000.00**, for a total amount of **$650,000.00** in back wages and liquidated damages, it is:

ORDERED that Defendants and all persons acting on their behalf are enjoined and restrained from withholding the payment of **$325,000.00** in unpaid minimum wage and overtime compensation due Defendants' current and former employees listed in Exhibit A. It is further ORDERED that Defendants shall pay a total of **$325,000.00** in liquidated damages due Defendants' current and former employees listed in Exhibit A. These payments shall be made by

Defendants in accordance with Paragraph III of this Consent Judgment.

III. The provisions of this Consent Judgement relative to payment of back wages and liquidated damages shall be deemed satisfied when Defendants fully comply with the terms of payment set forth below. Payment shall be made on or about ~~before~~ **January 21, 2019** by cashier or certified checks as set forth below:

(1) Payment of back wages in one lump sum of **$325,000.00** must be received by the U.S. Department of Labor on or about ~~before~~ **January 21, 2019**. The payment of back wages shall be sent in one cashier or certified check made payable to "**Wage and Hour Division – Labor**" with "**Case Nos. 1795102, 1795191, 1801595, 1801604, 1801607 – All Cases**" written on the face of the check, and with "**Back Wages**" written on the face of the check.

(2) Payment of liquidated damages in one lump sum of **$325,000.00** must be received by the U.S. Department of Labor on or about ~~before~~ **January 21, 2019**. The payment of liquidated damages shall be sent in one cashier or certified check made payable to "**Wage and Hour Division – Labor**" with "**Case Nos. 1795102, 1795191, 1801595, 1801604, 1801607 – All Cases**" written on the face of the check, and with "**Liquidated Damages**" written on the face of the check.

(3) Defendants shall send each check to:

    U.S. Department of Labor, Wage and Hour Division
    The Curtis Center, Suite 850 West
    170 S. Independence Mall West
    Philadelphia, PA 19106-3317
    Attn: Linda Estacio

Defendants shall simultaneously send a copy of each check and cover letter to:

    U.S. Department of Labor, Wage and Hour Division
    Southern New Jersey District Office

3131 Princeton Pike, Building 5, Room 216
Lawrenceville, NJ 08648
Attn: Charlene Rachor, District Director

IV. Plaintiff shall deliver the proceeds of payments made pursuant to Paragraph III above as appropriate, less any legal deductions, to the current and former employees named in the attached Exhibit A. Any sums not distributed to the employees or to their personal representatives or estates within a period of three years, because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited in the Treasury of the United States as miscellaneous receipts pursuant to 29 U.S.C. § 216(c). Defendants remain responsible for the employer's share of any applicable employment taxes on the back wages due.

V. Within 20 calendar days of the date of entry of this Consent Judgment, Defendants shall provide to Plaintiff the social security numbers, last known telephone numbers, email addresses and last known mailing addresses of each current and former employee named in Exhibit A, to the extent such are available to Defendants.

VI. Defendants, and anyone acting on their behalf, shall not in any way directly or indirectly demand, require or accept any of the back wages or liquidated damages from any person listed in Exhibit A or from their personal representatives or estates. Defendants, and anyone acting on their behalf, shall not threaten or imply that adverse action will be taken against any person because of his or her receipt of funds due under the provisions of this Consent Judgment or the Act. Violation of this Paragraph VI may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

VII. If Defendants fail to make the payments as set forth in Paragraph III, a seven calendar-day grace period shall be allowed for receipt of such payment. If the U.S. Department of Labor does not receive the payments by the eighth calendar day after which they are due, the ~~Court~~

~~shall appoint~~ *Secretary of Labor will seek the Court's appointment of* a Receiver to effectuate all of the terms of this Consent Judgment. If a Receiver is appointed:

(1) Defendants shall cooperate with the Receiver in all respects, and shall provide to the Receiver any and all information that the Receiver may require to carry out its appointment and in accordance with the authority given to the Receiver pursuant to applicable law at the time of appointment.

(2) All the expenses of the accountant or Receiver shall be borne solely by Defendants.

(3) If the Court appoints a Receiver, the Receiver shall serve until the full payment of the monetary terms of this Consent Judgment are satisfied.

(4) The Receiver shall have full authority to: collect Defendants' assets and report his/her findings to the Court and the parties; redeem and/or liquidate Defendants' assets and turn over the proceeds to Plaintiff; if the asset is a debt that is due, collect it and turn over the proceeds to Plaintiff; analyze all indebtedness and where deemed appropriate seek restructuring; analyze all transfers of Defendants' assets; prevent waste or fraud; and do all acts and take all measures necessary or proper for the efficient performance of Defendants' duties under this Consent Judgment.

VIII. Within 20 calendar days of the date of entry of this Consent Judgment, Defendants shall post or keep posted the FLSA flyers listed in Paragraph IX below and the attached Exhibit B in English, Hindi and Punjabi. Defendants shall display the flyers and Exhibit B in English, Hindi and Punjabi at any gas station owned or operated by defendant Gurmeet Singh and shall permanently maintain them in at least one conspicuous place in each gas station.

IX. Defendants shall distribute a copy of the flyers entitled "Employee Rights Under the Fair Labor Standards Act" and "Fact Sheet #23: Overtime Pay Requirements of the FLSA," as

issued by the U.S. Department of Labor. Defendants shall distribute these copies to each current employee within 20 calendar days of the date of entry of this Consent Judgment. Thereafter, Defendants shall provide these flyers to any new employees at the time of hire.

X. Defendants shall distribute a copy of the attached Exhibit B in English, Hindi and Punjabi to each current employee within 20 calendar days of the date of entry of this Consent Judgment.

XI. Defendants shall not treat any employees as exempt from the overtime compensation requirements of the Act pursuant to the exemptions set forth in Section 13(a)(1) of the Act, unless Defendants ensure that such employees qualify for the exemptions claimed, based on the employees' actual job duties and method of compensation, as prescribed by the Regulations found at 29 C.F.R. Part 541.

XII. For any gas station that defendant Gurmeet Singh owns or operates or any business entity that functions as part of an "enterprise" together with any of Defendants, as defined by Section 3(r) of the Act, Defendants will notify all such business entities within the enterprise of the non-monetary injunctive provisions contained in Paragraph I of this Consent Judgment, including Paragraph I(1) through I(5), and agree to be bound by such provisions.

XIII. Neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of Defendants not listed in Exhibit A of this Consent Judgment, be they current or former employees, to file any action against any of Defendants under Section 16(b) of the Act, or likewise for any current or former employee listed in Exhibit A of this Consent Judgment to file any action against any of Defendants under Section 16(b) of the Act for any violations alleged to have occurred after August 31, 2016.

XIV. Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

XV. The Court retains jurisdiction over this matter for the purposes of enforcing this Consent Judgment.

DATED: January 22, 2019
CAMDEN, NJ

SO ORDERED.

HONORABLE RENEE MARIE BUMB
UNITED STATES DISTRICT JUDGE

Defendants have appeared by the undersigned counsel and hereby consent to the entry of this Consent Judgment.

NS & GS, LLC

By: _____         DATE: 1-14-19
GURMEET SINGH
Owner

SEHJOG LLC

By: _____         DATE: 1-14-19
GURMEET SINGH
Owner

9

S. HARI SINGH MGT INC.

By: _____  DATE: 1-14-19
GURMEET SINGH
Owner

WOODLANE AMOCO INC.

By: _____  DATE: 1-14-19
GURMEET SINGH
Owner

STATION MGT. INC.

By: _____  DATE: 1-14-19
GURMEET SINGH
Owner

_____  DATE: 1-14-19
GURMEET SINGH, Individually

_____  DATE: 1/16/19
JOSEPH H. TRINGALI
Bandit Weinstock, P.A.
80 Main Street - Suite 260
West Orange, NJ 07052
*Attorney for Defendants*

10

For Plaintiff Secretary of Labor:

_____
FRANCES Y. MA, Trial Attorney
U.S. Department of Labor, Office of the Solicitor
201 Varick Street, Room 983
New York, NY 10014
*Attorneys for Plaintiff*

STATE OF New Jersey  )
                     :SS:
COUNTY OF Burlington )

On the 15 day of January 2019 before me came **GURMEET SINGH**, to me known, who, being by me duly sworn, did depose and say that he is a duly authorized officer of **NS & GS, LLC**, described in and which executed the foregoing instrument, that he signed his name thereto by like order.

_____
NOTARY PUBLIC

> NINA VICTORIA VANWRIGHT
> Notary Public
> State of New Jersey
> My Commission Expires Aug 6, 2019

STATE OF New Jersey  )
                     :SS:
COUNTY OF Burlington )

On the 15 day of January 2019 before me came **GURMEET SINGH**, to me known, who, being by me duly sworn, did depose and say that he is a duly authorized officer of **SEHJOG LLC**, described in and which executed the foregoing instrument, that he signed his name thereto by like order.

_____
NOTARY PUBLIC

> NINA VICTORIA VANWRIGHT
> Notary Public
> State of New Jersey
> My Commission Expires Aug 6, 2019

11

STATE OF New Jersey )
                    :SS:
COUNTY OF Burlington )

On the 15 day of January 2019 before me came **GURMEET SINGH**, to me known, who, being by me duly sworn, did depose and say that he is a duly authorized officer of **S. HARI SINGH MGT INC.**, described in and which executed the foregoing instrument, that he signed his name thereto by like order.

_____
NOTARY PUBLIC

NINA VICTORIA VANWRIGHT
Notary Public
State of New Jersey
My Commission Expires Aug 6, 2019

STATE OF New Jersey )
                    :SS:
COUNTY OF Burlington )

On the 15 day of January 2019 before me came **GURMEET SINGH**, to me known, who, being by me duly sworn, did depose and say that he is a duly authorized officer of **WOODLANE AMOCO INC.**, described in and which executed the foregoing instrument, that he signed his name thereto by like order.

_____
NOTARY PUBLIC

NINA VICTORIA VANWRIGHT
Notary Public
State of New Jersey
My Commission Expires Aug 6, 2019

12

STATE OF New Jersey )
:SS:
COUNTY OF Burlington )

On the 15 day of January 2019 before me came **GURMEET SINGH**, to me known, who, being by me duly sworn, did depose and say that he is a duly authorized officer of **STATION MGT, INC.**, described in and which executed the foregoing instrument, that he signed his name thereto by like order.

_____
NOTARY PUBLIC

NINA VICTORIA VANWRIGHT
Notary Public
State of New Jersey
My Commission Expires Aug 6, 2019

STATE OF New Jersey )
:SS:
COUNTY OF Burlington )

On the 15 day of January 2019 before me came **GURMEET SINGH**, to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

NINA VICTORIA VANWRIGHT
Notary Public
State of New Jersey
My Commission Expires Aug 6, 2019

# EXHIBIT A
## (Back Wages and Liquidated Damages)

|  | Last Name | First Name | Back Wages Due | Liquidated Damages Due | Total Due |
|---|---|---|---|---|---|
| 1 | Anand | Ashish | $15,015.59 | $15,015.59 | $30,031.18 |
| 2 | Bahl | Ramneek | $14,941.12 | $14,941.12 | $29,882.24 |
| 3 | Bist | Murund B. | $1,234.73 | $1,234.73 | $2,469.46 |
| 4 | Cheetri | Deelip | $16,909.97 | $16,909.97 | $33,819.94 |
| 5 | Chopra | Azad | $23,128.43 | $23,128.43 | $46,256.86 |
| 6 | Khan | Saleem | $28,597.11 | $28,597.11 | $57,194.22 |
| 7 | Kaur | Jatinder | $10,350.74 | $10,350.74 | $20,701.48 |
| 8 | Kumar | Vipan | $7,523.52 | $7,523.52 | $15,047.04 |
| 9 | Rim | Gurung | $15,556.02 | $15,556.02 | $31,112.04 |
| 10 | Sherpa | Ang K. | $5,382.39 | $5,382.39 | $10,764.78 |
| 11 | Singh | Amandeep | $2,499.25 | $2,499.25 | $4,998.50 |
| 12 | Singh | Amrik | $20,023.38 | $20,023.38 | $40,046.76 |
| 13 | Singh | Balbir | $10,350.74 | $10,350.74 | $20,701.48 |
| 14 | Singh | Gagandeep | $13,595.50 | $13,595.50 | $27,191.00 |
| 15 | Singh | Gurdeep | $4,953.87 | $4,953.87 | $9,907.74 |
| 16 | Singh | Hardeep | $28,436.24 | $28,436.24 | $56,872.48 |
| 17 | Singh | Harmandpreet | $2,074.28 | $2,074.28 | $4,148.56 |
| 18 | Singh | Narindarpal | $10,350.74 | $10,350.74 | $20,701.48 |
| 19 | Singh | Palwinder | $3,213.32 | $3,213.32 | $6,426.64 |
| 20 | Singh | Pavittar | $3,597.39 | $3,597.39 | $7,194.78 |

| 21 | Singh | Rajveer | $18,953.82 | $18,953.82 | $37,907.64 |
|---|---|---|---|---|---|
| 22 | Singh | Ranjit | $8,346.67 | $8,346.67 | $16,693.34 |
| 23 | Singh | Sankar | $1,804.13 | $1,804.13 | $3,608.26 |
| 24 | Singh | Sukhjit (aka Sukha) | $28,597.11 | $28,597.11 | $57,194.22 |
| 25 | Singh | Sukhwinder | $2,705.69 | $2,705.69 | $5,411.38 |
| 26 | Singh | Surjit | $10,350.74 | $10,350.74 | $20,701.48 |
| 27 | Singh | Swaran | $8,532.12 | $8,532.12 | $17,064.24 |
| 28 | Sodi | Rukman | $3,741.61 | $3,741.61 | $7,483.22 |
| 29 | Tiwary | Jiten S. | $4,233.78 | $4,233.78 | $8,467.56 |
| **TOTAL** | | | **$325,000.00** | **$325,000.00** | **$650,000.00** |

# EXHIBIT B
## (Notice to Employees - English)

Gurmeet Singh; NS & GS, LLC, d/b/a Third & Landis Riggins Vineland; SEHJOG LLC, d/b/a Millville Gulf; S. Hari Singh Mgt Inc. d/b/a Burlington Gulf; Woodlane Amoco Inc. d/b/a Woodlane Gulf; and Station Mgt. Inc. d/b/a Tom's Pennsauken Point Gulf (together, "Gurmeet Singh and the gas station defendants") have settled a lawsuit with the U.S. Department of Labor and entered into a settlement agreement pertaining to their employees. The settlement agreement has been approved by a judge.

Under this settlement agreement, Gurmeet Singh and the gas station defendants will pay the U.S. Department of Labor back wages for current and former employees who worked at their gas stations from 10/1/2014 through 8/31/2016, and the Department of Labor will distribute the back wages directly to the employees.

You have the right to receive the full amount of any back wages owed (after taxes) and liquidated damages. Gurmeet Singh and the gas station defendants cannot require you to return any money paid to you as part of the settlement with the Department of Labor, ask you to give up your current or future wages to get money from the settlement, or threaten to retaliate against you if you keep any money you get as part of the settlement with the Department of Labor.

You are protected by the Fair Labor Standards Act (FLSA) and you have the right to speak freely with investigators or other officials from the Department of Labor. Your employer is prohibited from retaliating against you in any way, including by terminating you, reporting you to immigration, or threatening to do any of these things because you refused to return any money paid to you as part of the settlement with the Department of Labor.

Gurmeet Singh and the gas station defendants must pay their non-exempt employees minimum wage of at least $7.25 per hour for all hours worked and overtime for all hours worked over 40 in a workweek at a rate of at least 1.5 times the employee's regular rate of pay. Additionally, New Jersey state law currently requires that they pay you at least $8.60 per hour.

If you are an employee and you are not paid minimum wage for all the hours you work or are not paid overtime, or you need to update your contact information, or if any person associated with Gurmeet Singh, NS & GS, LLC, SEHJOG LLC, S. Hari Singh Mgt Inc., Woodlane Amoco Inc., or Station Mgt. Inc. retaliates against employees or tells employees to return their wages, please call Investigator Suketu Dalal at the U.S. Department of Labor at (609) 895-8527. Your name will not be disclosed and will be kept confidential to the maximum extent allowable under the law.

<div align="center">

प्रदर्शनी बी
(कर्मचारियों को नोटिस - हिंदी)

</div>

गुरमीत सिंह; एनएस और जीएस, एलएलसी, डी/बी/ए तीसरा और लैंडिस रिगिन्स वाइनलैंड; सेहोज एलएलसी, डी/बी/ए मिलविले गल्फ;. हरि सिंह एमजीटी इंक. डी/बी/ए बर्लिंगटन गल्फ; वुडलेन अमोको इंक. डी/बी/ए वुडलेन गल्फ; और स्टेशन एमजीटी। इंक. डी/बी/ए टॉम की पेंसौकेन प्वाइंट गल्फ (एक साथ, "गुरमीत सिंह और गैस स्टेशन प्रतिवादी") ने अमेरिकी श्रम विभाग के साथ मुकदमा दायर किया है और अपने कर्मचारियों से संबंधित निपटारा समझौते में प्रवेश किया है। निपटारे समझौते को एक न्यायाधीश द्वारा अनुमोदित किया गया है।

इस निपटारे समझौते के तहत, गुरमीत सिंह और गैस स्टेशन प्रतिवादी वर्तमान और पूर्व कर्मचारियों के लिए श्रम विभाग को मजदूरी का भुगतान करेंगे जिन्होंने 10/1/2014 से 8/31/2016 तक अपने गैस स्टेशनों पर काम किया था, और श्रम विभाग कर्मचारियों को सीधे पिछली मजदूरी वितरित करेगा।

आपको बकाया मजदूरी (करों के बाद) और परिसमाप्त क्षतियों की पूरी राशि प्राप्त करने का अधिकार है। गुरमीत सिंह और गैस स्टेशन के प्रतिवादी आपके लिए श्रम विभाग के साथ निपटारे के अंग के रूप में आपको अदा की गई किसी धनराशि को वापस लौटाने को नहीं कह सकते, निपटारे से पैसा प्राप्त करने के लिए अपनी वर्तमान या भावी मज़दूरियों को छोड़ने के लिए नहीं कह सकते या उस दशा में आपके खिलाफ बदला लेने की धमकी नहीं दे सकते जबकि आप ऐसे किसी पैसे को अपने पास रखते हैं जिसे कि आप श्रम विभाग के साथ निपटारे के अंग के रूप में प्राप्त करते हैं।

आप निष्पक्ष श्रम मानक अधिनियम (एफएलएस) द्वारा संरक्षित हैं और आपको श्रम विभाग से जांचकर्ताओं या अन्य अधिकारियों के साथ स्वतंत्र रूप से बात करने का अधिकार है। आपके नियोक्ता को किसी भी तरह से आपके खिलाफ प्रतिशोध लेने से मना कर दिया गया है, आपका रोजगार समाप्त करे, आप्रवासन की रिपोर्ट करने, या इन चीजों में से किसी एक को करने की धमकी दी गई है क्योंकि आपने श्रम विभाग के साथ निपटारे के हिस्से के रूप में आपको भुगतान किए गए किसी भी धन को वापस करने से इनकार कर दिया है।

गुरमीत सिंह और गैस स्टेशन प्रतिवादी को अपने गैर-छूट कर्मचारियों को कम से कम $7.25 प्रति घंटे के लिए न्यूनतम वेतन का भुगतान करना होगा और कामकाजी में 40 घंटे से अधिक समय तक काम करने वाले सभी घंटों के लिए कर्मचारी की नियमित दर कम से कम 1.5 गुना वेतन। इसके अतिरिक्त, न्यू जर्सी राज्य कानून में वर्तमान में यह आवश्यक है कि वे आपको प्रति घंटे कम से कम $ 8.60 का भुगतान करें।

यदि आप कर्मचारी हैं और आपको काम करने वाले सभी घंटों के लिए न्यूनतम मजदूरी का भुगतान नहीं किया जाता है या आप ओवरटाइम का भुगतान नहीं पाते हैं, या आपको अपनी संपर्क जानकारी अपडेट करने की आवश्यकता है, या अगर गुरमीत सिंह, एनएस एंड जीएस, एलएलसी, सेहजोग एलएलसी से जुड़े किसी भी व्यक्ति, एस हरि सिंह एमजीटी इंक, वुडलेन एमोको इंक, या स्टेशन एमजीटी को अपडेट करना है। इंक कर्मचारियों के खिलाफ प्रतिशोध करता है या कर्मचारियों को अपनी मजदूरी वापस करने के लिए कहता है, कृपया अमेरिका के श्रम विभाग में जांचकर्ता सुकेतु दलाल को कॉल करें (609) 895-8527। आपके नाम का खुलासा नहीं किया जाएगा और उसे कानून के तहत स्वीकार्य अधिकतम सीमा तक गोपनीय रखा जाएगा।

<div align="center">

ਐਗਜ਼ਿਬਿਟ ਬੀ
(ਕਰਮਚਾਰੀਆਂ ਲਈ ਨੋਟਿਸ - ਪੰਜਾਬੀ)

</div>

ਗੁਰਮੀਤ ਸਿੰਘ; NS & GS, LLC, d/b/a ਥਰਡ ਐਂਡ ਲੈਂਡੀਸ ਰਿਗਿਨਸ ਵਾਈਨਲੈਂਡ; ਸਹਿਜੋਗ LLC, d/b/a ਮਿਲਵਿਲੇ ਗਲਫ; ਸ. ਹਰੀ ਸਿੰਘ ਮੈਨੇਜਮੈਂਟ ਇੰਕ. d/b/a ਬਰਲਿੰਗਟਨ ਗਲਫ; ਵੁੱਡਲੇਨ ਅਮੇਕੋ ਇੰਕ. d/b/a ਵੁੱਡਲੇਨ ਗਲਫ; ਅਤੇ ਸਟੇਸ਼ਨ ਮੈਨੇਜਮੈਂਟ ਇੰਕ. d/b/a ਟੈਮ'ਸ ਪੈਨਸੌਕੇਨ ਪੌਇੰਟ ਗਲਫ (ਇਕੱਠਿਆਂ, "ਗੁਰਮੀਤ ਸਿੰਘ ਅਤੇ ਗੈਸ ਸਟੇਸ਼ਨ ਦੇ ਪ੍ਰਤੀਵਾਦੀ") ਨੇ U.S. Department of Labor (ਅਮਰੀਕਾ ਕਿਰਤ ਵਿਭਾਗ) ਦੇ ਨਾਲ ਇੱਕ ਮੁਕੱਦਮੇ ਦਾ ਨਿਪਟਾਨ ਕੀਤਾ ਹੈ ਅਤੇ ਆਪਣੇ ਕਰਮਚਾਰੀਆਂ ਨਾਲ ਸਬੰਧਤ ਇੱਕ ਨਿਪਟਾਨ ਸਮਝੌਤੇ ਵਿੱਚ ਦਾਖ਼ਲ ਹੋਏ ਹਨ। ਨਿਪਟਾਨ ਸਮਝੌਤੇ ਨੂੰ ਜੱਜ ਦੁਆਰਾ ਮਨਜ਼ੂਰੀ ਦਿੱਤੀ ਗਈ ਹੈ।

ਇਸ ਨਿਪਟਾਨ ਸਮਝੌਤੇ ਦੇ ਤਹਿਤ, ਗੁਰਮੀਤ ਸਿੰਘ ਅਤੇ ਗੈਸ ਸਟੇਸ਼ਨ ਦੇ ਪ੍ਰਤੀਵਾਦੀ ਆਪਣੇ ਮੌਜੂਦਾ ਅਤੇ ਪੁਰਵਲੇ ਕਰਮਚਾਰੀਆਂ ਲਈ U.S. Department of Labor (ਅਮਰੀਕਾ ਕਿਰਤ ਵਿਭਾਗ) ਨੂੰ ਭੱਤਿਆਂ ਦਾ ਵਾਪਿਸ ਭੁਗਤਾਨ ਕਰਨਗੇ ਜਿਹਨਾਂ ਨੇ 10/1/2014 ਤੋਂ ਲੈ ਕੇ 8/31/2016 ਤੱਕ ਉਹਨਾਂ ਦੇ ਗੈਸ ਸਟੇਸ਼ਨਾਂ 'ਤੇ ਕੰਮ ਕੀਤਾ, ਅਤੇ Department of Labor (ਕਿਰਤ ਵਿਭਾਗ) ਕਰਮਚਾਰੀਆਂ ਨੂੰ ਭੱਤੇ ਸਿੱਧੇ ਤੌਰ 'ਤੇ ਵੰਡ ਦਏਗਾ।

ਤੁਹਾਡੇ ਕੋਲ ਆਪਣੇ ਕਿਸੇ ਵਾਪਿਸ ਆਏ ਭੱਤਿਆਂ ਦੀ ਪੂਰੀ ਰਕਮ (ਟੈਕਸ ਤੋਂ ਬਾਅਦ) ਅਤੇ ਲਿਕੁਈਡੇਟਿਡ ਨੁਕਸਾਨਾਂ ਨੂੰ ਪ੍ਰਾਪਤ ਕਰਨ ਦਾ ਅਧਿਕਾਰ ਹੁੰਦਾ ਹੈ। ਗੁਰਮੀਤ ਸਿੰਘ ਅਤੇ ਗੈਸ ਸਟੇਸ਼ਨ ਦੇ ਪ੍ਰਤੀਵਾਦੀਆਂ ਨੂੰ ਤੁਹਾਨੂੰ Department of Labor (ਕਿਰਤ ਵਿਭਾਗ) ਦੇ ਨਾਲ ਨਿਪਟਾਨ ਦੇ ਹਿੱਸੇ ਵਜੋਂ ਅਦਾ ਕੀਤੇ ਕਿਸੇ ਵੀ ਪੈਸਿਆਂ ਨੂੰ ਵਾਪਿਸ ਕਰਨ, ਨਿਪਟਾਨ ਤੋਂ ਪੈਸੇ ਪ੍ਰਾਪਤ ਕਰਨ ਲਈ ਆਪਣੇ ਮੌਜੂਦਾ ਜਾਂ ਭਵਿੱਖੀ ਭੱਤਿਆਂ ਨੂੰ ਛੱਡਣ ਵਾਸਤੇ ਕਹਿਣ ਦੀ ਲੋੜ ਨਹੀਂ ਹੋਵੇਗੀ, ਜਾਂ ਬਦਲਾ ਲੈਣ ਲਈ ਤੁਹਾਨੂੰ ਧਮਕੀ ਨਹੀਂ ਦੇ ਸਕਦੇ ਜੇ ਤੁਸੀਂ ਕੋਈ ਪੈਸੇ ਰੱਖਦੇ ਹੋ ਜੋ ਤੁਸੀਂ Department of Labor (ਕਿਰਤ ਵਿਭਾਗ) ਦੇ ਨਾਲ ਨਿਪਟਾਨ ਦੇ ਹਿੱਸੇ ਵਜੋਂ ਪ੍ਰਾਪਤ ਕਰਦੇ ਹੋ।

ਤੁਹਾਡੀ Fair Labor Standards Act (ਕਿਰਤ ਸਬੰਧੀ ਨਿਰਪੱਖ ਮਿਆਰਾਂ ਦਾ ਕਾਨੂੰਨ/FLSA) ਦੁਆਰਾ ਰੱਖਿਆ ਕੀਤੀ ਜਾਂਦੀ ਹੈ ਅਤੇ ਤੁਹਾਡੇ ਕੋਲ Department of Labor (ਕਿਰਤ ਵਿਭਾਗ) ਵਲੋਂ ਜਾਂਚਕਰਤਾਵਾਂ ਜਾਂ ਹੋਰ ਅਧਿਕਾਰੀਆਂ ਦੇ ਨਾਲ ਬੇਝਿਝਕ ਗੱਲ ਕਰਨ ਦਾ ਅਧਿਕਾਰ ਹੁੰਦਾ ਹੈ। ਤੁਹਾਡੇ ਮਾਲਕ ਨੂੰ ਤੁਹਾਡੇ ਨਾਲ ਕਿਸੇ ਵੀ ਤਰੀਕੇ ਵਿੱਚ ਬਦਲਾ ਲੈਣ ਤੋਂ ਰੋਕਿਆ ਜਾਂਦਾ ਹੈ, ਜਿਸ ਵਿੱਚ ਤੁਹਾਨੂੰ ਬਰਖ਼ਾਸਤ ਕਰਨਾ, ਤੁਹਾਡੀ ਸੂਚਨਾ ਇਮੀਗ੍ਰੇਸ਼ਨ ਨੂੰ ਦੇਣਾ, ਜਾਂ ਇਹਨਾਂ ਵਿੱਚੋਂ ਕੋਈ ਵੀ ਕੰਮ ਕਰਨ ਦੀ ਧਮਕੀ ਦੇਣਾ ਸ਼ਾਮਲ ਹੈ, ਕਿਉਂਕਿ ਤੁਸੀਂ Department of Labor (ਕਿਰਤ ਵਿਭਾਗ) ਦੇ ਨਾਲ ਨਿਪਟਾਨ ਦੇ ਹਿਸੇ ਵਜੋਂ ਤੁਹਾਨੂੰ ਭੁਗਤਾਨ ਕੀਤੇ ਕਿਸੇ ਪੈਸਿਆਂ ਨੂੰ ਵਾਪਿਸ ਕਰਨ ਲਈ ਇਨਕਾਰ ਕੀਤਾ।

ਗੁਰਮੀਤ ਸਿੰਘ ਅਤੇ ਗੈਸ ਸਟੇਸ਼ਨ ਦੇ ਪ੍ਰਤੀਵਾਦੀਆਂ ਲਈ ਆਪਣੇ ਛੋਟ-ਰਹਿਤ ਕਰਮਚਾਰੀਆਂ ਨੂੰ ਸਾਰੇ ਕੰਮ ਕੀਤੇ ਘੰਟਿਆਂ ਲਈ ਘੱਟੋ-ਘੱਟ $7.25 ਪ੍ਰਤੀ ਘੰਟੇ ਦਾ ਅਤੇ ਕੰਮਕਾਜੀ ਹਫਤੇ ਵਿੱਚ 40 ਤੋਂ ਵੱਧ ਕੰਮ ਕੀਤੇ ਸਾਰੇ ਘੰਟਿਆਂ ਲਈ ਕਰਮਚਾਰੀ ਦੀ ਨਿਯਮਿਤ ਤਨਖ਼ਾਹ ਦਰ ਦੇ ਘੱਟੋ-ਘੱਟ 1.5 ਗੁਣਾ ਦੀ ਦਰ 'ਤੇ ਭੁਗਤਾਨ ਕਰਨਾ ਲਾਜ਼ਮੀ ਹੁੰਦਾ ਹੈ। ਇਸ ਤੋਂ ਇਲਾਵਾ, ਨਿਊ ਜਰਸੀ ਦਾ ਕਾਨੂੰਨ ਚਾਹੁੰਦਾ ਹੈ ਕਿ ਉਹ ਤੁਹਾਨੂੰ ਘੱਟੋ-ਘੱਟ $8.60 ਪ੍ਰਤੀ ਘੰਟਾ 'ਤੇ ਭੁਗਤਾਨ ਕਰਨ।

ਜੇ ਤੁਸੀਂ ਇੱਕ ਕਰਮਚਾਰੀ ਹੋ ਅਤੇ ਤੁਹਾਨੂੰ ਆਪਣੇ ਕੰਮ ਕੀਤੇ ਸਾਰੇ ਘੰਟਿਆਂ ਲਈ ਘੱਟੋ-ਘੱਟ ਭੱਤੇ ਦਾ ਭੁਗਤਾਨ ਨਹੀਂ ਕੀਤਾ ਗਿਆ ਹੈ ਜਾਂ ਓਵਰਟਾਈਮ ਦਾ ਭੁਗਤਾਨ ਨਹੀਂ ਕੀਤਾ ਗਿਆ ਹੈ, ਜਾਂ ਤੁਹਾਨੂੰ ਆਪਣੀ ਸੰਪਰਕ ਜਾਣਕਾਰੀ ਅਪਡੇਟ ਕਰਨ ਦੀ ਲੋੜ ਹੈ, ਜਾਂ ਜੇ ਗੁਰਮੀਤ ਸਿੰਘ, NS & GS, LLC, ਸਹਿਜੋਗ LLC, ਸ. ਹਰੀ ਸਿੰਘ ਮੈਨੇਜਮੈਂਟ ਇੰਕ., ਵੁੱਡਲੇਨ ਅਮੇਕੋ ਇੰਕ., ਜਾਂ ਸਟੇਸ਼ਨ ਮੈਨੇਜਮੈਂਟ ਇੰਕ. ਨਾਲ ਸਬੰਧਤ ਕੋਈ ਵਿਅਕਤੀ ਕਰਮਚਾਰੀਆਂ ਤੋਂ ਬਦਲਾ ਲੈਂਦਾ ਹੈ ਜਾਂ ਕਰਮਚਾਰੀਆਂ ਨੂੰ ਉਹਨਾਂ ਦੇ ਭੱਤੇ ਵਾਪਿਸ ਕਰਨ ਲਈ ਕਹਿੰਦਾ ਹੈ, ਤਾਂ ਕਿਰਪਾ ਕਰਕੇ ਜਾਂਚਕਰਤਾ ਸੁਕੇਤੁ ਦਲਾਲ ਦੇ ਨਾਲ U.S. Department of Labor (ਅਮਰੀਕਾ ਦੇ ਕਿਰਤ ਵਿਭਾਗ) ਵਿਖੇ (609) 895-8527'ਤੇ ਕਾਲ ਕਰੋ। ਤੁਹਾਡੇ ਨਾਮ ਦਾ ਖੁਲਾਸਾ ਨਹੀਂ ਕੀਤਾ ਜਾਵੇਗਾ ਅਤੇ ਕਾਨੂੰਨ ਤਹਿਤ ਇਜਾਜ਼ਤ ਦਿੱਤੀ ਅਧਿਕਤਮ ਸੀਮਾ ਤੱਕ ਗੁਪਤ ਰੱਖਿਆ ਜਾਵੇਗਾ।